Dolores Semidey, Plaintiff and Appellee, v. Antonio Viqueira et al., Defendants and Appellants.

No. 7773. Argued June 20, 1938.—Decided July 12, 1938.

*Erasto Arjona Siaca* and *Ramón A. Gadea Picó* for appellants. *Alberto S. Poventud* and *R. Hernández Matos* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The original complaint in the present case was filed in the District Court of Ponce on July 16, 1932. The defendants failed to appear and on October 24, 1934, an amended complaint was filed. It was not until February 21, 1935, that the defendants appeared for the first time for the sole purpose of applying for an extension of time to plead. On May 24, 1935, they filed a demurrer to the complaint which was overruled on the 6th of the following August. No further pleas to the complaint were filed by them, and on October 9, 1935, their default was entered. A judgment by default

was rendered on January 20, 1937, and one month thereafter the defendants filed a motion for reconsideration which was denied on January 5, 1938. An appeal to this court was filed on the 3rd of the following February. The appellants elected the method of a statement of the case to perfect their appeal and, after requesting and obtaining three extensions, the last of which expired on May 11 last, they failed to apply for further extensions or for a new term to this court.

Based on the above facts, the plaintiff filed in this court on the 26th of last May a motion to dismiss the appeal taken by the defendants.

The dilatory tactics employed by the appellants ever since this action was brought against them in the lower court, about 1932, until the filing in this court of the motion to dismiss the appeal are evident The defendants, however, state that the judgment by default rendered against them is manifestly erroneous as well as unfair and, after saying that they have not been negligent in perfecting their appeal, they pray that the motion of the plaintiff and appellee be denied and request an extension of thirty days for filing the statement of the case in the lower court.

Before reaching a decision as to the dismissal sought, we have considered the error assigned by the defendants, in order to determine whether the appeal taken by them is really meritorious or whether, on the contrary, it is frivolous, in which latter case the grant of a new term for filing the statement of the case would be of no avail.

The following particulars appear from the draft of a statement of the case which the appellants themselves have attached to their writing in opposition to the motion of the appellee:

The plaintiff and appellee was born in Yauco on March 22, 1896, and by a judgment of the District Court of Ponce dated June 30, 1932, which was affirmed by this court on January 30, 1934, she was declared the acknowledged natural daughter of Lucas Solivellas Vicéns, who died on February

12, 1929, leaving a will executed on October 1, 1927, in which he designated as his sole heirs his nephews, Antonio and Jaime Viqueira, and left two cash legacies of $4,000 and $1,000 respectively to María Antonia Camacho and Mariano Rodríguez. The testator left no ascendants, and no other descendants than his daughter, the plaintiff and appellee herein.

In an effort to show that the judgment of the District Court of Ponce was erroneous, the appellants in their written opposition filed in this court say:

"This is an appeal of a very special nature, because it is not thereby *sought to injure* or harass in the least the defendant Dolores Semidey, *nor to interfere with her hereditary rights* as an acknowledged natural daughter, but solely and exclusively to correct a grave error committed by the District Court of Ponce in its judgment by default against the defendants-appellants herein.

"The defendants and appellants moved for the reconsideration of said judgment and for modification thereof in the sense that the judgment be confined to granting to plaintiff Dolores Semidey her hereditary rights as an acknowledged natural daughter, amounting, under section 769 of the Civil Code (1930 ed.), to one-third of the estate of the decedent, Lucas Solivellas. The judgment by default, which was not due directly to the fault of the defendants but to that of their attorney, who resided in San Juan, with whom it was very difficult to communicate, did not confine itself to granting to the said plaintiff the aforesaid third as her legal portion, but a grave error was committed thereby in awarding to her the whole hereditary estate, notwithstanding the existence of a valid *will*, admitted and mentioned in the complaint itself of Dolores Semidey and which contains an institution of heir in favor of the appellants herein, as well as several legacies. (In regard to Filiation, civil case No. 4131, District Court of Ponce.) This will has never been annulled and its existence is admitted by the plaintiff and appellee in her complaint in the lower court.

"Therefore, it is not a case of an intestate succession but of a testamentary succession, and consequently, even though there is an acknowledged natural daughter, the ancestor or testator was entitled to dispose of a part of his estate provided he did not impair the legal portion assigned by the law to an acknowledged natural child.

The testator failed to comply with the law in regard to this latter particular, that is, he omitted Dolores Semidey in his will. The latter was and is fully entitled to her legal portion, and therefore once the action claiming her part of the inheritance was instituted, the proper thing to do was to modify the will so as to insert among its provisions the legal portion belonging to said natural daughter, but keeping the will valid and subsistent regarding the portion at the free disposal of the testator, even though he had an acknowledged natural daughter.

"Instead of doing this, the District Court of Ponce declared the said natural daughter to be the owner of the entire estate, the court being thus deceived and erroneously impressed by her in the sense that the said natural daughter inherited the whole estate, although there existed a will which was valid to a large extent and compatible with the existence of the said acknowledged natural daughter.

"The error having been committed, the defendants and appellants, against whom judgment by default was entered through the fault of their attorney who resided in San Juan, moved for a reconsideration of the judgment for the sole purpose of having the same modified in the sense of upholding that part of the will which can not be affected by the existence of the acknowledged natural daughter, that is, upholding the institution of heir in favor of the defendants and the legacies. The District Court of Ponce, probably, without a careful reading of the brief of the defendants and without considering the question with the minute care required by its importance, denied the motion for reconsideration, repeating the grave error committed and leaving the defendants and appellants defenseless and the victims of the fraud and deceit perpetrated by the plaintiff and appellee in claiming rights in excess of those recognized in her favor by the law and in misleading and deceiving the lower court in this respect."

Let us see whether the lower court really committed the error assigned by the appellants.

 Section 742 of the Civil Code (1930 ed.), which is similar to section 814 of the Spanish Civil Code, provides as follows:

"Section 742.—The omission of any or of all the lawful heirs in the right line whether they be living at the time of the execution of the will or whether they are born after the death of the testator shall annul the institution of an heir, but trusts and advantages or extra portions shall be valid whenever they are not inofficious.

"The omission of the surviving husband or wife does not annul the nomination of the heir, but the omitted party shall preserve the rights which this Code gives him. If the omitted lawful heir shall die before the testator, the nomination of an heir shall have effect."

Pursuant to the section above transcribed, the preterition of the plaintiff, who by the fact that she was an acknowledged natural daughter became a forced heir of the testator, necessarily produced the nullity of the institution of heir, and as the heirs designated in the will are not forced heirs, they being nephews, it is obvious that the whole hereditary estate ought to have gone to the plaintiff, subject, of course, to the legacies and betterments provided for in the will.

We have already seen that the plaintiff was born in 1896; that the will was executed in 1927; that the testator died in 1929; and that the plaintiff was declared an acknowledged natural daughter in 1932, that is, subsequent to the execution of the will and the death of the testator. The fact that the plaintiff was acknowledged after the death of the testator does not take her case out of the provisions of section 742, *supra,* because, as aptly said by Manresa, "in regard to natural children, their acknowledgment, or their legitimation by royal decree, is equivalent to their birth, after the testator has made his last will." 6 Manresa, Civil Code, 356. So that, whether—applying by analogy what Manresa has said regarding natural children acknowledged, or legitimated by royal decree—we consider the plaintiff, for the purpose of said section, as having been born after the death of the testator, she having been acknowledged subsequent thereto, or whether we consider her as having been born at the time she was really born, in 1896, in either case the preterition always took place, in accordance with the legal provision already cited.

Manresa, in commenting on section 814 of the Spanish Civil Code (6 Manresa 360), says:

"The proper interpretation of section 814 is that the only dispositions that are valid in so far as they are not inofficious, are those concerning legacies or betterments. As regards the institution of

heir, *the same is voided.* That which is voided exists no longer. Totally or partially? There is no qualification whatsoever, as in section 851 in which it is stated that the institution of heir shall be annulled in so far as it prejudices the person disinherited. *It must, therefore, be understood that the annulment is complete* or total, and that this section, as a special one in the case calling for its application, controls with preference to section 817." (Italics ours.)

Referring to the application of this provision to acknowledged natural children, at page 354 of the cited volume, the same text writer says:

"Some commentator has expressed the opinion that this section does not provide for the case of the preterition of natural children or parents. The lawmaker has not incurred in such a grave oversight. No mention is made of relatives, for if it did, owing to the failure to add the word 'natural,' it might be asserted that it only had reference to the *legitimate family.* It speaks of *forced heirs* and it is obvious that natural parents and children are forced heirs in the direct line, since the word *line* is not restricted to legitimate ascendants or descendants. It might be restricted to the relationship between parent and child, without ascending or descending further; but when applied to forced heirs its meaning is so clear that no doubt can be entertained in this respect. This is shown by the contraposition of heirs in direct line (descendants or ascendants) as against the spouse and by the fact that it would be absurd for the legislator to overlook the natural child and father when legislating in regard to preterition. It is claimed that the judgment of January 16, 1895, supports the above-cited opinion, and precisely when passing upon the question involved therein a study was made of sections 814, 815, and 817 as related to the case in which that question arose, and, therefore, as applicable to natural children, as we shall see further on in this work."

In the case of *Iturrino* v. *Iturrino,* 24 P.R.R. 439, this court also applied the cited section to the preterition of an acknowledged natural son. In said case the plaintiff was an acknowledged natural child of the testator. The father in his will designated the defendant, María Camila Teresa de Jesús Iturrino, his legitimate daughter, as his sole heir, omitting the plaintiff. There this court said:

"Section 802 of the Civil Code plainly provides that the omission of any or of all the lawful heirs in the right line, whether they be living at the time of the execution of the will or whether they are born after the death of the testator, shall annul the institution of an heir, but trusts and betterments shall be valid when they are not inofficious.

"In conformity with that provision, the designation by Dr. Juan Dionisio Iturrino of the defendant as his sole heir to the exclusion of the plaintiff, who is his acknowledged natural son, is void, but the validity of the betterments and legacies made in the said will should be sustained.

"For .the reasons stated the judgment appealed from should be affirmed, except as to its holding that the will executed by Dr. Juan Dionisio Iturrino is null and void, it being understood that it is null and void only as to the designation of the defendant, María Camila Teresa de Jesús Iturrino Rivera, as his sole heir, and that the plaintiff should be allowed his share of the hereditary rights under the law in force at the time of his father's death.''

See also *Ex parte Boerman,* 34 P.R.R. 120.

We have already emphasized the fact that the heirs designated in the will of Lucas Solivellas were merely voluntary heirs but not forced heirs. In *Iturrino* v. *Iturrino, supra,* the designated heir, María Camila Teresa de Jesús Iturrino, was forced heir. Therefore, although the institution of heir was annulled and the intestate succession was opened, the legitimate daughter enjoyed her hereditary rights jointly, of course, with the acknowledged natural son who had been omitted. In the case now before us no such thing can take place, for, as the appointed heirs are not forced heirs, the plaintiff is entitled to the whole estate, without prejudice to the legacies made in the will provided they are not inofficious.

The District Court of Ponce, therefore, correctly construed and applied the law in sustaining the complaint and awarding to the plaintiff the entire hereditary estate, subject to the legacies.

. That being so, no error would be corrected by this appeal, which not only turns out to be frivolous but should the same

452

be allowed by granting the term sought, injury would be done to the right of the plaintiff to enjoy the inheritance of which she is now being deprived by the defendants and appellants.

For the reasons stated the term for filing a statement of the case must be denied and the appeal taken by the defendants must be dismissed.